# Kennedy *v.* Jones.

### *Action of Trespass.*

1. *Action of trespass; variance in allegation and proof.*—In an action to recover damages for trespass upon a certain designated lot, and for removing therefrom a certain house, where the evidence shows that only a small portion of the house was located on the lot designated in the complaint, and that the greater part of the building was located on the adjoining lot owned by the defendant, the plaintiff is not entitled to recover for a trespass against his possession of so much of the house as was on the lot adjoining the one designated in the complaint, and which was never removed from the lot so designated in the complaint; and it is error for the court to so instruct the jury.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. A. A. COLEMAN.

This was an action of trespass brought by the appellee, Josie G. Kennedy. against the appellant, C. A. Jones.

The facts of the case are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the court, in its oral charge to the jury, among other things, instructed them as follows: "The plaintiff, if entitled to recover, would be entitled to recover damages for removing so much of the house as stood on lot 7, and also for the right of possession for so much thereof as stood on lot 8." The defendant excepted to so much of this charge as instructed the jury that the plaintiff would be entitled to damages for the right of possession to so much there-

of as stood on lot 8, and also separately excepted to the court's refusal to give, among other charges requested, the following: (B.) "The court charges the jury that plaintiff can not recover for removing the house or any part of it from lot 8, if they find from the evidence that part of it was situated on lot 8."

There were verdict and judgment for the plaintiff assessing her damages at $250.    The defendant appeals and assigns as error the giving of the portion of the general charge to which the defendant excepted, and the refusal of the court to give the charges requested by the defendant.

CABANISS & WEAKLEY, for appellant.

B. M. ALLEN, contra.

McCLELLAN, C. J.—Mrs. Kennedy sued Jones for trespass on lot No. 7, in a certain survey and plat, the property of the plaintiff, and for removing therefrom a certain house.    There is no claim that the  plaintiff owned the adjoining lot numbered 8, nor that any trespess was committed on or in respect of number 8.    In point of fact, as shown by the evidence, lot 8 was owned by the defendant, and the larger portion of the house which Jones removed was on this lot, only a small part, four feet, of a shed-room being on lot 7; and the removal by Jones was of the house so as that the whole of it stood upon lot 8.    It seems that Mrs. Kennedy supposed that the house was situated wholly on lot 7, and upon this supposition, she had taken, and, at the time of the removal, was in possession of the entire building. It may well be that Mrs. Kennedy had upon this possession irrespective of the title, a cause of action against Jones in respect of the whole building; but she did not lay such cause of action in her complaint. Claiming only a trespass on lot 7 and for a removal from that lot of a house, it seems clear to us, that she was not entitled to recover for trespass against her possession of so much of the house as was on lot 8 and which was never removed from lot 7, or indeed from lot 8, for that matter; and

[Hunnicutt v. Higginbotham.]

our conclusion is that the circuit court erred in instructing the jury to award her damages in respect of the disturbance of her possession of so much of the house as was on lot 8. She did not claim these damages in her complaint.

Reversed and remanded.